```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                          COLUMBUS DIVISION

CHRISTOPHER LORGUS,              *

     Plaintiff,                  *

vs.                              *
                                       CASE NO. 4:24-CV-94 (CDL)
JOEY TUREAU, et al.,             *

     Defendants.                 *
```

O R D E R

This is a truck wreck case. Presently pending before the Court is Penske Truck Leasing Co.'s motion to dismiss any claims against it (ECF No. 17) and Defendants' motion to dismiss the claim for punitive damages and the request for litigation expenses (ECF No. 15). As discussed below, Penske's motion is granted, and Defendants' motion regarding punitive damages and litigation expenses is granted in part and denied in part.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

Christopher Lorgus alleges that truck driver Joey Tureau negligently collided with Lorgus's car, injuring Lorgus and causing damage to his car. Lorgus states that at the time of the collision, Tureau was driving a tractor-trailer on behalf of Piggly Wiggly Alabama Distributing Company. Lorgus also alleges that Penske Truck Leasing Co. owned the truck; there are no other factual allegations about Penske. Lorgus asserts a negligence claim against Tureau, as well as claims against Piggly Wiggly for imputed liability and negligent hiring, training, supervision, and retention. He also asserts a direct action against Piggly Wiggly's insurer. In addition to compensatory damages, Lorgus seeks punitive damages and expenses of litigation from all Defendants.

**I.   Penske's Motion to Dismiss (ECF No. 17)**

Penske argues that any claims against it should be dismissed because Lorgus did not allege any facts that would give rise to a

claim against Penske.  Lorgus did not respond to Penske's motion to dismiss.  Based on the Court's review of the complaint, Lorgus alleges that Penske owned the truck that Tureau drove at the time of the collision.  He does not allege that Penske is a "motor carrier," nor does he allege any other facts about Penske.  None of the counts mention Penske: Count 1 is a negligence count against Tureau; Count 2 is an imputed liability claim against Piggly Wiggly; Count 3 is a claim against Piggly Wiggly for negligent hiring, training, supervision, and retention; and Count 4 is a direct action claim against the insurer.  The complaint contains no factual allegations suggesting that Penske's acts or omissions contributed to the truck wreck at issue in this action.  The complaint also does not suggest that Penske may be held liable under a vicarious liability theory.  Plaintiff's complaint fails to state a claim against Penske, and Penske's motion to dismiss (ECF No. 17) is granted.

**II. Motion to Dismiss Claim for Punitive Damages and Litigation Expenses (ECF No. 15)**

Lorgus asserts a claim for punitive damages, and he requests expenses of litigation, including reasonable attorney's fees, under O.C.G.A. § 9-15-14 and O.C.G.A. § 13-6-11.  Defendants seek

to dismiss both the claim for punitive damages and the prayers for litigation expenses.[1]  The Court addresses each issue in turn.

A.  Punitive Damages

Lorgus seeks punitive damages under O.C.G.A. § 51-12-5.1, which provides that punitive damages may only be awarded "in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."  O.C.G.A. § 51-12-5.1(b).  Here, Lorgus alleges (albeit summarily) that "Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions."  Compl. ¶ 41, ECF No. 4-3.

The Court understands that in motor vehicle collision cases, punitive damages may be authorized when the wreck "results from a pattern or policy of dangerous driving" or when there are other

---

[1] Lorgus did not respond to the motion to dismiss, so the Court reviewed the allegations in the complaint and the legal authority cited by Defendants in their brief.  Defendants did not cite much binding authority.  Instead, they relied mainly on orders by other district court judges, which are not binding on this Court.  Lorgus's claims in this diversity action are under Georgia law, so the Court applies Georgia substantive law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The Court is bound by decisions of the Georgia Supreme Court and the Georgia Court of Appeals.  *See, e.g., Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1149 (11th Cir. 2019) (noting that federal courts "are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise") (quoting *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009)).

4

aggravating circumstances. *McKnight v. Love*, 894 S.E.2d 110, 116 (Ga. Ct. App. 2023) (quoting *Lindsey v. Clinch Cnty. Glass, Inc.*, 718 S.E.2d 806, 807 (Ga. Ct. App. 2011)). Though Lorgus does not allege specific facts regarding aggravating circumstances, any evidence of such circumstances (if it exists) is within Defendants' possession and control and is related to the evidence relevant to Lorgus's underlying claims against Defendants. The Court cannot say at this stage of the litigation that Lorgus's punitive damages claim is implausible. Lorgus should be given the opportunity to conduct discovery on this issue, particularly given that the evidence necessary to support the claim is otherwise beyond his reach. Accordingly, the Court finds it premature to dismiss the claim for punitive damages. If discovery does not reveal evidence to support a claim for punitive damages, Defendants may seek summary judgment on that issue.

B.  Litigation Expenses

In his prayer for relief, Lorgus seeks litigation expenses under O.C.G.A. § 9-15-14 and O.C.G.A. § 13-6-11. Defendants contend that Lorgus may not recover under either statute and that any claims for litigation expenses must be dismissed.

Defendants argue that the "claim" under O.C.G.A. § 9-15-14 fails because Lorgus did not assert it as a separate count and because some federal district courts have concluded that relief under O.C.G.A. § 9-15-14 is only available in Georgia state courts.

5

O.C.G.A. § 9-15-14 permits a party to file a motion for attorney's fees and litigation expenses against an attorney or party that engages in abusive litigation practices. The statute does not create an independent cause of action. *Condon v. Vickery*, 606 S.E.2d 336, 340 (Ga. Ct. App. 2004). A court may assess such fees and expenses if it finds that a claim or defense "lacked substantial justification" or that "an attorney or party unnecessarily expanded the proceeding by other improper conduct." O.C.G.A. § 9-15-14(b). A motion under this statute may be made "at any time during the course of the action but not later than 45 days after the final disposition of the action." O.C.G.A. § 9-15-14(e). So, the proper way to seek relief under the statute is by motion after allegedly abusive litigation practices occur in an action—not as a prayer for relief in a complaint that commences the action. Since Lorgus does not have a "claim" under O.C.G.A. § 9-15-14, there is no claim to dismiss. The Court declines to issue an advisory opinion on whether Lorgus may seek such expenses in this Court if Defendants engage in improper conduct during this action, particularly given that Federal Rule of Civil Procedure 11 appears to provide similar relief.

Turning to Lorgus's prayer for relief under O.C.G.A. § 13-6-11, Defendants contend that Lorgus did not specially plead them as required by the statute. The Court agrees. An award under O.C.G.A. § 13-6-11 is only authorized for "conduct arising from

6

the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself." *David G. Brown, P.E., Inc. v. Kent*, 561 S.E.2d 89, 90 (Ga. 2002).  Although the statute does not create an independent cause of action, a party may assert a claim under O.C.G.A. § 13-6-11 in connection with a substantive claim for relief, and he must allege facts to support such a claim.  Here, Lorgus merely cited the statute and did not allege that any Defendant acted in bad faith, was stubbornly litigious, or caused him unnecessary trouble and expense.  Thus, the present complaint does not state a claim under O.C.G.A. § 13-6-11, and the claim is dismissed.

## CONCLUSION

As discussed above, the Court grants Penske's motion to dismiss (ECF No. 17).  The remaining Defendants' motion to dismiss (ECF No. 15) is granted as to the claim under O.C.G.A. § 13-6-11 but otherwise denied.

IT IS SO ORDERED, this 4th day of September, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA